COURT OF APPEALS OF VIRGINIA

Present:   Judges Athey, Ortiz and Senior Judge Clements
Argued at Leesburg, Virginia


CANAAN HOMES LLC, ET AL.

                                             MEMORANDUM OPINION* BY
v.      Record No. 1047-22-4               JUDGE DANIEL E. ORTIZ
                                               AUGUST 29, 2023
PERCHUHY KAZHOYAN CUMMINGS, ET AL.

FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Tracy C. Hudson, Judge

Sean Patrick Roche (William E. Evans; Richard G. Cole III;
Cameron/McEvoy PLLC, on briefs), for appellants.

Matthew A. Crist (Matthew A. Crist, PLLC, on brief), for appellees.


When an expansive arbitration clause incorporates a set of rules that require that the arbitrator determine arbitrability issues, a trial court may not separately decide these issues. This appeal arises from an arbitration clause in a construction contract between Canaan Homes LLC and its owner, Wei Lu (collectively "Canaan Homes"), on one side, and Perchuhy and Aaron Cummings (collectively "the Cummingses"), on the other side. Canaan Homes appeals the trial court's denial of its motion for arbitration, arguing that the arbitration clause is unambiguous and enforceable and applies to both the underlying claims and questions of arbitrability. Because the clause is unambiguous and incorporates the American Arbitration Association's rules, which provide that the arbitrator shall determine arbitrability, we reverse and remand.

---

       * This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND

In August 2020, the Cummingses contracted Canaan Homes to construct a new home for $767,827.  Clause H ("Default/Termination") of the contract provides:

> Upon default, the non[]-defaulting party will notify the other party in writing and this Agreement shall be considered null and void and of no further force or effect.  However either party shall not be precluded from pursuing any remedies under applicable law for wrongful breach or cancellation of this Agreement.

In addition, Clause I ("Dispute Resolution/Arbitration") provides:

> You agree to have all claims, controversies, disputes, and other matters in question between you and us arising out of or relation [sic] to this Agreement (including any and all warranty documents, attachments or addenda hereto) or breach hereof or to any alleged defects relation [sic] to the condition decided by final and binding arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association or the Construction Arbitration Inc at our option, in effect on the date of any demand for arbitration hereunder.  The demand for arbitration shall be filed in writing and shall be made within a reasonable time after the claim, controversy, dispute or other matter in question would be barred by the applicable statute of limitations.  By agreeing to this, both parties acknowledge they are giving up rights they might process to have such claims disputes and other matters in question litigated in a court or jury trial.  The foregoing agreement to arbitrate shall be enforceable under the prevailing Virginia arbitration law and the award rendered by the arbitrator shall be final and binding upon the parties.
>
> In all circumstance[s], you shall not institute any adversarial proceedings against us unless you have given us prior written notice of and a reasonable opportunity to resolve such matter or cure any alleged breach.  In the event that certain issues do not get resolved by arbitration, both parties waive their right to a jury trial.

From late 2020 to 2021, Canaan Homes allegedly breached the contract by "refus[ing] to continue working, threaten[ing] to delay or cancel scheduled work after being paid for such work and materials, and, when entreated to continue work, repl[ying] by cancelling subcontractors and absconding with considerable sums of money."  On August 10, 2021, the Cummingses notified Canaan Homes in writing that it was in default of the contract and that the contract was thus

"null and void and of no further force or effect." In April 2022, the Cummingses filed a complaint against Canaan Homes in Prince William County Circuit Court, arguing violation of the Virginia Consumer Protection Act (Count I) and conversion (Count II) and requesting invalidation of the mechanics lien on the Cummingses' property (Count III). The Cummingses argued that the arbitration clause was void and unenforceable because it unconscionably required that the Cummingses "wait 5 years before they can bring a demand for arbitration."

Canaan Homes filed a "Motion To Dismiss And/Or Application To Compel Arbitration And Stay Proceedings," arguing that the trial court could not determine the "[t]hreshold [i]ssue of [a]rbitrability" because the agreement incorporated the "Construction Industry Arbitration Rules of the American Arbitration Association," which places this authority in the hands of the arbitrator. Alternatively, Canaan Homes argued that the case was arbitrable because all three counts were related to the contract. The Cummingses responded that Canaan Homes' default had already rendered the contract "[n]ull [a]nd [v]oid [o]r [u]nenforceable" under Clause H.

The trial court denied Canaan Homes' motion for arbitration. It found that it could decide arbitrability because the contract did not incorporate the American Arbitration Association's rules, but "simply refers to them as the manner of proceeding or the rules of procedure once the case gets to arbitration." The trial court noted that the issue was "further confused by the reference to this other organization which defense counsel says doesn't exist, this thing called Construction Arbitration, Inc., at our option." The trial court found that Clause H terminates only "the obligation to perform further," not the "parties' rights to pursue remedies," and rejected the Cummingses' argument that Canaan Homes' default voided Clause I. However, the trial court found Clause I unenforceable due to the ambiguity of the sentence: "The demand for arbitration shall be filed in writing and shall be made within a reasonable time after

the claim, controversy, dispute or other matter in question would be barred by the applicable statute of limitations."

Canaan Homes appeals, arguing that the trial court erred in denying its motion for arbitration. It first argues that the trial court should not have addressed arbitrability because the arbitration clause requires that the arbitrator determine that issue. Alternatively, it argues that the Cummingses' claims were arbitrable.

ANALYSIS

Because the contract contains an enforceable arbitration clause that covers both the arbitrability question and the Cummingses' substantive claims, the trial court erred in denying Canaan Homes' motion for arbitration.

## I. Standard of Review

"We review a circuit court's interpretation of contractual language, including language governing arbitration, de novo." *Brush Arbor Home Constr., LLC v. Alexander*, 297 Va. 151, 154 (2019).

## II. The trial court erred in deciding arbitrability because the contract properly incorporated the Rules of the American Arbitration Association.

"[I]n the absence of a clear agreement showing that the parties intended that the arbitrator decide questions of arbitrability, that question is to be resolved by the court." *Waterfront Marine Constr., Inc. v. N. End 49ers Sandbridge Bulkhead Grps. A, B & C*, 251 Va. 417, 427 (1996); *see also* Code § 8.01-581.02(B). But "the parties by their contract can agree that [arbitrability] issues be decided by the arbitrator." *Waterfront Marine Constr.*, 251 Va. at 425. When an "arbitration clause includes expansive language and incorporates a specific set of rules requiring that the arbitrator determine arbitrability," it constitutes "clear and unmistakable" evidence that the parties intended for the arbitrator to determine arbitrability. *Brenco Enters., Inc. v. Bitesquad.com, LLC*, 297 F. Supp. 3d 608, 611-12 (E.D. Va. 2018).

- 4 -

1. **The parties' agreement is expansive and evidences an intent to have the arbitrator decide issues of arbitrability.**

Here, the arbitration clause is broad and expansive. It covers "all claims, controversies, disputes, and other matters in question between [the parties] arising out of or relation [sic] to this Agreement . . . or breach hereof or to any alleged defects relation [sic] to the condition." And it provides that any such dispute will be decided by arbitration "in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association or the Construction Arbitration Inc at [Canaan Homes'] option."

Because both parties agree that "Construction Arbitration Inc" is a non-existent entity, the only arbitration rules available to the parties are the Construction Industry Arbitration Rules of the American Arbitration Association (the "AAA Rules"). Under the AAA Rules, "[t]he arbitrator shall have the power to rule on his or her own jurisdiction" and to "determine the existence or validity of a contract of which an arbitration clause forms a part." American Arbitration Association, Construction Industry Arbitration Rules and Mediation Procedures, Rule 9 (rev. May 1, 2022). The broad reference to the AAA Rules in the arbitration clause thus evidences a "clear and unmistakable" intent by the parties to have the arbitrator determine arbitrability.

2. **The trial court erred in finding that the contract did not incorporate the Rules of the American Arbitration Association.**

In denying Canaan Homes' motion for arbitration, the trial court found that the arbitration clause does not incorporate the AAA Rules, but "simply refers to them as the manner of proceeding or the rules of procedure once the case gets to arbitration." We disagree. In the absence of Virginia precedent directly on point, we turn to federal case law for instructions. Federal courts have generally considered rules incorporated when an arbitration clause requires

dispute resolution to follow those rules. *See, e.g.*, *Simply Wireless, Inc. v. T-Mobile US, Inc.*, 877 F.3d 522, 525, 528 (4th Cir. 2017); *Brenco Enters.*, 297 F. Supp. 3d at 611-12.

In *Simply Wireless*, the Fourth Circuit found that an arbitration clause explicitly incorporated the JAMS Rules when it stated: "arbitration shall be administered pursuant to the JAMS Comprehensive Rules and Procedures then in effect." 877 F.3d at 525. It found that the language constituted an "explicit incorporation of JAMS Rules" and thus "'clear and unmistakable' evidence of the parties' intent to arbitrate arbitrability." *Id.* at 528. Similarly, in *Brenco Enterprises*, the United States District Court for the Eastern District of Virginia found that the language "in accordance with the Commercial Arbitration Rules of the American Arbitration Association" incorporated these rules and "manifest[ed] the parties' clear intention to commit the arbitrability determination to the arbitrator." 297 F. Supp. 3d at 612. Thus, contractual language requiring disputes be arbitrated in accordance with certain rules should be interpreted as incorporating those rules. This interpretation is also consistent with persuasive authorities from other states. *See, e.g.*, *TotalEnergies E&P USA, Inc. v. MP Gulf of Mexico, LLC*, 667 S.W.3d 694, 709 (Tex. 2023), *reh'g denied* (June 9, 2023) (holding that an agreement to arbitrate disputes "in accordance with the rules of the AAA" thereby incorporates the AAA Rules); *Epic Games, Inc. v. Murphy-Johnson*, 785 S.E.2d 137, 143-44 (N.C. Ct. App. 2016) (finding that a clause that requires that arbitration be "conducted pursuant to" the AAA Rules incorporates these rules).

Although the Cummingses correctly point out that none of this case law is binding upon this Court, they fail to cite any case law to the contrary—that is, case law that draws a distinction between incorporating certain arbitration rules and "simply refer[ing] to them as the manner of proceeding or the rules of procedure once the case gets to arbitration." And they do not cite any cases suggesting that the word "incorporate" is required for an arbitration clause to incorporate a

set of arbitration rules. Thus, reviewing de novo, we find the language of the arbitration clause sufficient to incorporate the AAA Rules.

       3. The trial court correctly found that Clause H did not void the arbitration clause.

While denying Canaan Homes' motion for arbitration, the trial court correctly found that Clause H simply "terminates the obligation to perform further" in case of a breach and "does not impair the parties' rights to pursue remedies." Thus, Clause H did not terminate Clause I, which only addresses "the manner of pursuing remedies."

Assuming arguendo that the parties intended Clause H to terminate the entire contract, the Cummingses' argument still fails, as the triggering event of Clause H would be a "default," not an *alleged* default. Here, Canaan Homes' default is in dispute. The contract's dispute resolution provisions would remain effective until a fact finder determines that a default occurred.

       4. The trial court erred in finding Clause I ambiguous and, therefore, unenforceable.

The trial court found that the second sentence in Clause I, "The demand for arbitration shall be filed in writing and shall be made within a reasonable time after the claim, controversy, dispute or other matter in question would be barred by the applicable statute of limitations," was ambiguous and renders the arbitration clause unenforceable. We disagree. While poorly drafted, the sentence is not ambiguous when interpreted within context.

A contractual provision is ambiguous "when, in context, it is capable of more than one *reasonable* meaning." *Res. Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 407 F.3d 631, 636 (4th Cir. 2005) (emphasis added); *see also Caldwell v. Transp. Ins. Co.*, 234 Va. 639 (1988). Thus, if contractual language has two literal meanings, but one of them is *unreasonable*, the language is not ambiguous. *Cf. Dixon Lumber Co., Inc. v. Austinville Limestone Co., Inc.*, 256 F.

Supp. 3d 658, 671 (W.D. Va. 2017) ("Contract language is ambiguous only when it is capable of more than one reasonable meaning, so alternative but unreasonable interpretations of a contract do not preclude summary judgment." (internal quotation marks and citation omitted)). In contractual interpretation, the "plain meaning of a word depends not merely on semantics and syntax but also on the holistic context of the word within the instrument," and "[c]onsequently, every word, clause, and provision of the policy 'should be considered and construed together and seemingly conflicting provisions harmonized when that can be reasonably done.'" *Erie Ins. Exch. v. EPC MD 15, LLC*, 297 Va. 21, 28 (2019) (quoting *Floyd v. N. Neck Ins.*, 245 Va. 153, 158 (1993); *see also Yarborough v. Atl. Life Ins. Co.*, 84 F.2d 319, 320 (4th Cir. 1936) ("It is . . . an equally well-established rule of interpretation that all provisions of a contract should be construed in harmony with one another, if it can be done reasonably, in order to avoid repugnancy between the several parts of the instrument.").

The trial court found that to enforce the provision, it would have to rewrite it, either by replacing the word "shall" with "may" or replacing "after" to "before." But the trial court need not, and should not, rewrite the provision here. The provision has two literal meanings—first, that the arbitration demand must be made within a reasonable time *but* after the statute of limitations expires, or second, that the arbitration demand must be made before the end of a reasonable time *if* made after the statute of limitations expires. The first interpretation is unreasonable, as it would render meaningless the provision, "In the event that certain issues do not get resolved by arbitration, both parties waive their right to a jury trial." If a claim could not be arbitrated until its statute of limitations expires, then the parties would no longer have an opportunity to litigate any issues left unresolved by arbitration, whether with a jury or not. In fact, even the Cummingses argue that it would be "unconscionable" to require "the parties to wait five years before starting the arbitration process." The second interpretation—that the

- 8 -

language simply extends the statute of limitations for arbitration purposes for a reasonable time—is the only reasonable interpretation.  Thus, the provision is unambiguous and enforceable.[1]

CONCLUSION

Because the parties' arbitration clause explicitly incorporates the AAA Rules, which authorize the arbitrator to determine arbitrability, the trial court erred in denying Canaan Homes' motion for arbitration.  We reverse and remand for the trial court to compel arbitration and stay further proceedings.[2]

*Reversed and remanded.*

---

[1] Even if the second sentence of Clause I were ambiguous, it would not automatically render the first sentence unenforceable, under which the arbitrator would still have the authority to determine arbitrability issues, including whether the request for arbitration was timely.

[2] The Cummingses requested attorney fees associated with this appeal.  The arbitrator will resolve this issue, as the prevailing party is entitled to attorney fees under Clause H.